364 So.2d 810 (1978)
INDUSTRIAL FIRE & CASUALTY INSURANCE COMPANY, Appellant,
v.
Lucille G. COWAN, Appellee.
No. 77-2663.
District Court of Appeal of Florida, Third District.
November 14, 1978.
Rehearing Denied December 18, 1978.
*811 Goodhart & Rosner, Greene & Cooper and Sharon L. Wolfe, Miami, for appellee.
Horton, Perse & Ginsberg, Ronald W. Jabara, Miami, for appellee.
Before PEARSON, BARKDULL and KEHOE, JJ.
BARKDULL, Judge.
Appellant, defendant in the trial court, seeks review of an order holding that the appellee (plaintiff) was entitled to recover $5,000.00 under the personal injury protection provision of an automobile insurance policy issued by the defendant.
The plaintiff purchased an automobile insurance policy from the defendant, which contained a $5,000.00 personal injury protection provision, pursuant to Section 627.736, Florida Statutes (1975 and 1976). The policy contained the following language, providing a deductible as to the personal injury protection coverage: "This Policy Contains $1000 Deductible on Personal Injury Protection". On February 24, 1977, plaintiff was involved in a vehicular accident, suffering injuries and incurred medical expense and lost wages of approximately $40,000.00.
The defendant denied the claim under the personal injury protection provision, and the instant suit was filed. During pendency of the suit, the defendant tendered an offer of judgment for $4,000.00, the difference between the $5,000.00 personal injury protection limits and the $1,000.00 deductible clause. The plaintiff thereupon moved for determination of coverage, contending she was entitled to the full $5,000.00 coverage, notwithstanding the deductible of $1,000.00, because her losses greatly exceeded the maximum amount of coverage. After hearing on the motion, the trial court held that, notwithstanding the deductible provision, the plaintiff was entitled to the full $5,000.00 because of the amount of her damages. We disagree and reverse.
Section 627.739, Florida Statutes (1975 and 1976), reads in part as follows:
* * * * * *
"Each insurer * * * shall, at the election of the owner, issue a policy endorsement, * * * which endorsement shall provide that there shall be deducted from personal protection benefits that would otherwise be or become due to the policy holder * * * an amount of either two hundred and fifty dollars, five hundred dollars, or one thousand dollars, again as the policyholder elects, said amount to be deducted from the amounts otherwise due each person subject to the deduction. * * *" [emphasis added]
The amount "otherwise due" under the policy is $5,000.00. Section 627.736(1), Florida Statutes (1975). The maximum liability of the company under these circumstances would be $4,000.00.
Reversed and remanded, with directions to enter a final judgment in accordance with this opinion.