391 So.2d 805 (1980)
Sandra THIBODEAU, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 80-590.
District Court of Appeal of Florida, Fifth District.
December 31, 1980.
R. David Ayers, Jr., Winter Park, for appellant.
Sylvia A.K. Drusa, Orlando, for appellee.
SHARP, Judge.
Sandra Thibodeau appeals from a final judgment denying her any recovery against Allstate Insurance Company. She suffered in excess of $8,000 in medical injuries on November 10, 1978, when a car owned and driven by Brian Rex Thibodeau was involved in an accident. Brian was killed. Sandra claimed she was entitled to $4,000 in personal injury protection payments from Allstate under Brian's policy with Allstate because the policy stated there was $5,000 coverage for "personal injury protection" *806 with a $4,000 "deductible" for "relatives" residing in the household.[1] The policy provided:
The amount of any deductible stated in the declarations or in a schedule of the policy shall be deducted from the total amount of all sums otherwise payable by the Company with respect to all loss and expense incurred by or on behalf of each person to whom the deductible applies ... and if the total amount of such loss and expenses exceeds the deductible, the total limit of benefits the Company is obligated to pay shall then be the difference between such deductible amount and the applicable limit of the Company's liability. (Emphasis supplied).
Allstate paid $1,000 on Sandra's behalf and denied further liability. We affirm.
This case is controlled by the provisions of section 627.739(1), Florida Statutes (1977). The statute required an insurer to offer the policy owner "deductibles, in amounts of $250, $500, $1,000, $2,000, $3,000, and $4,000, said amount to be deducted from the benefits otherwise due each person subject to the deduction... ." (Emphasis supplied). As a "resident relative," Sandra was subject to the "deductible" amount of $4,000 under Brian's policy, and the amount "otherwise due" was $5,000. Under this statute Allstate's total liability was $1,000. Industrial Fire & Casualty Insurance Company v. Cowan, 364 So.2d 810 (Fla. 3d DCA 1978).
The appellant argues the policy statement of "$5,000 coverage" is ambiguous and misleading because under no circumstances is $5,000 ever payable if it is subject to a deduction,[2] and the general public assumes, upon reading such a statement, that there is $5,000 coverage after the insured pays the first $4,000. This is an appealing argument because clearly the "deductible clause" is given a double effect. However based on the record before us we are unable to conclude an ambiguity exists because the policy explanation of the "deductible" tracks the insurance statute clearly and precisely. If this result is contrary to public policy or understanding and expectation, the legislature should revise section 627.739(1).
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Sandra and Brian were first cousins living together in the same household. Appellant agreed in her appeal she was subject to the "resident relative" deductible clause.
[2] A more accurate statement would have been: $1,000 coverage after the insured pays the first $4,000 loss.