409 So.2d 28 (1981)
Deborah KWECHIN, Appellant,
v.
INDUSTRIAL FIRE & CASUALTY CO., a Foreign Corporation, Appellee.
No. 80-572.
District Court of Appeal of Florida, Third District.
December 8, 1981.
Opinion Amended on Motion for Rehearing and Suggestion for Certification; Certification Granted February 15, 1982.
*29 Horton, Perse & Ginsberg, Michael Nuzzo, Miami, for appellant.
Schwartz, Klein & Steinhardt and Jay S. Weiss, Miami, for appellee.
Before SCHWARTZ, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
We hold that an insurer which knows that a prospective insured does not have other collateral insurance or benefits, and despite such knowledge sells to the prospective insured a personal injury protection policy containing deductibles, is liable to the insured under the policy as if the policy contained no deductible.
In October 1978, Deborah Kwechin contacted Industrial's agent for the purpose of obtaining personal injury protection (P.I.P.) coverage. It is undisputed that prior to writing a P.I.P. policy containing a $4,000 deductible, the agent was informed by Kwechin that she did not have other insurance coverage, and, in fact, she did not.
About ten days after the policy was written, Kwechin was injured in an accident. She filed a claim with Industrial, which promptly refused to pay any of her medical expenses below $4,000, the deductible amount. Kwechin sued, asking the trial court to declare that the deductible was offered by Industrial in violation of Section 627.739, Florida Statutes (1977), and was thus ineffective. Both parties moved for summary judgment, and from a summary judgment entered in favor of Industrial, Kwechin appeals.
Section 627.739, Florida Statutes (1977), provides, in pertinent part:
"In order to prevent duplication with other private or governmental insurance or benefits for senior citizens and others with access to such insurance or benefits, each insurer providing the coverage and benefits described in s. 627.736(1) shall offer to the named insureds modified forms of personal injury protection as described in this section. Such election may be made by the named insured to apply to the named insured alone, or to the named insured and dependent relatives residing in the same household. Any person electing such modified coverage, or subject to such modified coverage as a result of the named insured's election, shall have no right to claim or to recover any amount so deducted from any owner, registrant, operator, or occupant of a vehicle or any person or organization legally responsible for any such person's acts or omissions who is made exempt from tort liability by ss. 627.730-627.741. Premium reductions for each modification or combination of modifications shall be adequate to recognize the reduction in hazard and shall be subject to the approval of the Department of Insurance.
"(1) Insurers shall offer to each applicant and to each policyholder, upon the renewal of an existing policy, deductibles, in amounts of $250, $500, $1,000, $2,000, $3,000, and $4,000, said amount to be deducted from the benefits otherwise due such person subject to the deduction, and shall explain to each applicant or policyholder that if they have coverage under private or governmental disability plans, they may avail themselves of deductibles or other modifications as provided in subsections (1), (2), and (3)." (emphasis supplied).
In defense of the trial court's judgment, Industrial claims that its only statutory duty is to affirmatively offer the deductibles, and that, contrary to Kwechin's contention, Industrial is not prevented from selling a policy with deductibles when it is informed no such collateral coverage exists.[1] *30 Industrial says that the statute, read in its entirety, supports this interpretation in that (1) the language "and others with access to such insurance" necessarily contemplates insureds who merely have access to, but not actually in force, additional coverage; (2) the statute prevents insureds from suing third persons to recover the deductible, an implicit recognition by the Legislature of the existence of people not collaterally covered who would select a deductible and sue to recover non-covered losses; and (3) if it had been the Legislature's intent to preclude persons without collateral coverage from selecting a deductible, that intent could have been better expressed by a clause announcing that no P.I.P. deductible may be offered to persons not having collateral coverage. In essence, then, Industrial argues that the sole purpose of the statute is to prevent duplication of coverage, that is, to assure that persons with collateral coverage will not unknowingly be burdened with unnecessary insurance and higher premiums.
We cannot construe the statute as Industrial urges. In our view, the overriding purpose of the statute is to assure complete insurance coverage for injuries. To accomplish that purpose, the Legislature has in no uncertain terms restricted the availability of deductibles to only those persons who have other "coverage under private or governmental disability plans." It follows that an insurer which, as here, is on notice that the applicant for insurance is without collateral coverage,[2] sells a P.I.P. policy containing deductibles, cannot later rely on the deductibles in refusing or reducing payment of medical expenses to the insured.
Accordingly, we reverse the summary judgment entered for Industrial and remand the case with directions to enter summary judgment as to liability for Kwechin.[3]

*31 ON MOTION FOR REHEARING AND SUGGESTION FOR CERTIFICATION
We grant the appellee's Suggestion for Certification and add to our earlier opinion the following:
We hereby certify that our decision passes upon a question of great public importance in holding that an insurer which sells to a prospective insured a personal injury protection policy containing deductibles, knowing that the prospective insured does not have other collateral insurance or benefits, is liable to the insured under the policy as if the policy contained no deductible.
Except as provided herein, we adhere to our original opinion.
NOTES
[1] Kwechin counters Industrial's argument that she was free to choose the deductible even though she was without collateral coverage by saying that any such reading of the statute would render it unconstitutional under Kluger v. White, 281 So.2d 1 (Fla. 1973) (statute which permits insured, by his own knowing election, to forego insurance, and concomitantly denies to insured a right of access to the courts for redress for his injury, is unconstitutional in failing to provide a reasonable alternative to the loss of access). Because we hold that under Section 627.739, Florida Statutes (1977), an insurer may not offer deductibles to a person it knows to be without collateral coverage, we have no occasion to address this constitutional argument. Moreover, this appeal does not involve the issues (a) whether the requirement of collateral coverage is a reasonable alternative to the loss of access to the courts, see Dillon v. Chapman, 404 So.2d 354 (Fla. 5th DCA 1981) compare Lasky v. State Farm Insurance Company, 296 So.2d 9 (Fla. 1974), and (b) whether an insurer who satisfies the statutory duty to explain to the prospective insured that he may elect deductibles only if he has other coverage, and is not on notice that the insured is without collateral coverage, may effectively issue a P.I.P. policy containing deductibles and thereafter refuse payment of medical expenses to the insured within the deductible amounts. See Staley v. Florida Farm Bureau Mutual Insurance Company, 328 So.2d 241 (Fla. 1st DCA 1976).
[2] Because it is undisputed that Industrial's agent knew Kwechin did not have collateral coverage, it is unnecessary to address Kwechin's separate contention that the agent's explanation to her did not satisfy the insurer's duty under the statute and the insurer would be liable even if not informed that Kwechin did not have other coverage. The agent's explanation, according to the agent, was:

"... that by taking a deductible against such coverage she could save on her premium dollars, with higher deductibles resulting in greater premium dollar savings and further that if she had other insurance that covers the same items that the Personal Injury Protection coverage relates to, the deductible would make sense insofar as she could save premium dollars without losing actual insurance coverage."
Thus, the agent did not, by his own admission, inform Kwechin as the statute requires, that she could not avail herself of the deductible unless she had other coverage. In effect, he told her that the deductible was available in any event, but would be particularly beneficial, as non-duplicative, if she had other coverage.
[3] Assuming that the insurer sold the policy to Kwechin at a reduced premium because of the deductibles, see § 627.739, Fla. Stat., it would be entitled to offset from any amounts due Kwechin the difference between the higher premium which it would have charged had there been no deductibles and the premium charged. Of course, the amounts due Kwechin will be "the benefits otherwise due," § 627.739(1), Fla. Stat. (1977), that is, the eighty per cent called for by § 627.736, Fla. Stat. (1977), but with no deductible.