447 So.2d 1337 (1983)
INDUSTRIAL FIRE & CASUALTY INSURANCE CO., Petitioner,
v.
Deborah KWECHIN, Respondent.
No. 61843.
Supreme Court of Florida.
December 1, 1983.
Rehearing Denied May 3, 1984.
Goodhart & Rosner, P.A., Miami, Schwartz, Klein, Steinhardt & Weiss, P.A., North Miami Beach, and Mark Hicks and Patrice A. Talisman of Daniels & Hicks, Miami, for petitioner.
Edward A. Perse of Horton, Perse & Ginsberg, and Michael Nuzzo, Miami, for respondent.
*1338 Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for Allstate Ins. Co., General Acc. Fire & Life Assur. Corp., and Nationwide Mut. Ins. Co., amicus curiae.
EHRLICH, Justice.
Pursuant to jurisdiction granted in article V, section 3(b)(4) of the Florida Constitution, we have before us the following certified question of great public importance:
[Whether] an insurer which sells to a prospective insured a personal injury protection policy containing deductibles, knowing that the prospective insured does not have other collateral insurance or benefits, is liable to the insured under the policy as if the policy contained no deductible.
Kwechin v. Industrial Fire & Casualty Co., 409 So.2d 28, 31 (Fla. 3d DCA 1981). We answer the question in the affirmative and approve the holding of the district court.
Florida law requires that automobile insurance coverage must include personal injury protection (PIP). Deborah Kwechin, respondent here, purchased automobile insurance from petitioner, Industrial Fire & Casualty Co. Although the insurance agent writing the policy had actual knowledge that Kwechin had no collateral coverage, he provided a $4,000 deductible in her PIP coverage. Ten days later, Kwechin was injured in an automobile accident and sought compensation from the insurance company. The insurer refused to pay any medical expenses below the $4,000 deductible amount provided.
Kwechin brought suit, claiming the policy as issued violated section 627.739, Florida Statutes (1977) and that the insurance company was liable for medical expenses under the $4,000 threshhold, the deductible provision notwithstanding. Both parties moved for summary judgment; the trial court granted summary judgment in favor of the insurer. The district court reversed and certified the question we now address.
Section 627.739 provides, in pertinent part:
In order to prevent duplication with other private or governmental insurance or benefits for senior citizens and others with access to such insurance or benefits, each insurer providing the coverage and benefits described in s. 627.736(1) shall offer to the named insureds modified forms of personal injury protection as described in this section. Such election may be made by the named insured to apply to the named insured alone, or to the named insured and dependent relatives residing in the same household. Any person electing such modified coverage, or subject to such modified coverage as a result of the named insured's election, shall have no right to claim or to recover any amount so deducted from any owner, registrant, operator, or occupant of a vehicle or any person or organization legally responsible for any such person's acts or omissions who is made exempt from tort liability by ss. 627.730-627.741. Premium reductions for each modification or combination of modifications shall be adequate to recognize the reduction in hazard and shall be subject to the approval of the Department of Insurance.
(1) Insurers shall offer to each applicant and to each policyholder, upon the renewal of an existing policy, deductibles, in amounts of $250, $500, $1,000, $2,000, $3,000, and $4,000, said amount to be deducted from the benefits otherwise due each person subject to the deduction, and shall explain to each applicant or policyholder that if they have coverage under private or governmental disability plans, they may avail themselves of deductibles or other modifications as provided in subsections (1), (2), and (3).
This provision is a part of Florida's Automobile Reparations Reform Act, sections *1339 627.730-.41 Florida Statutes (1973) (the "No-Fault Insurance Law). In Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974), this Court upheld that entire law in the face of a challenge to its constitutionality. Central to that decision was the Court's recognition of the legislative intent to enhance the public welfare through
a lessening of the congestion of the court system, a reduction in concomitant delays in court calendars, a reduction of automobile insurance premiums and an assurance that persons injured in vehicular accidents would receive some economic aid in meeting medical expenses and the like, in order not to drive them into dire financial circumstances with the possibility of swelling the public relief rolls.

Id. at 16 (emphasis supplied).
This enunciation of the general policy underlying the No-Fault Insurance Law is in no way in conflict with the specific policy set forth in the first sentence of section 627.739: "In order to prevent duplication with other ... insurance or benefits" insurers are authorized to offer deductibles. The express authorization of deductibles in the enumerated situations implies the prohibition against them in all other situations according to the rule of statutory construction inclusio unius est exclusio alterius.
Further support for this reading of section 627.739 comes from reading it in pari materia with the rest of Florida's No-Fault Insurance Law. To allow one who lacks any other applicable insurance coverage to purchase personal injury protection subject to a deductible of several thousand dollars makes that person, in effect, a self insurer for that not inconsiderable amount without subjecting the insured to any showing of financial responsibility as required by section 627.733(3)(b), Florida Statutes (1977).[1] Indisputably, allowing insurance companies to issue policies with large deductibles not covered by other insurance circumvents the general policy of this law as articulated in Lasky.
Accordingly, the necessity for a provision in the act which allows one with collateral coverage to pay a reduced premium for the statutorily required insurance is obvious in light of section 627.7372, Florida Statutes (1977). This section provides that any amount paid from a collateral source may be set off against any amount payable from insurance coverage mandated by the act. To require payment for coverage which is redundant, therefore uncollectable, would be inequitable. Hence, section 627.739 provides for a deductible to prevent overlapping coverage.
To read this statute to permit issuance of inappropriate coverage while it denies access to the courts to remedy the loss raises grave constitutional problems. See Lasky, supra; Kluger v. White, 281 So.2d 1 (Fla. 1973). When two constructions of a statute are possible, one of which is of questionable constitutionality, the statute must be construed so as to avoid any violation of the constitution. State v. Beasley, 317 So.2d 750 (Fla. 1975); Garcia v. Allstate Insurance Co., 327 So.2d 784 (Fla. 3d DCA 1976).
For the foregoing reasons, the certified question is answered in the affirmative *1340 and the decision of the district court is approved.
It is so ordered.
ADKINS and McDONALD, JJ., concur.
OVERTON, J., concurs with an opinion.
BOYD, J., dissents with an opinion.
ALDERMAN, C.J., dissents.
OVERTON, Justice, concurring.
I concur. To construe this statute to allow the deduction without collateral coverage would, in my view, require a holding that the no-fault law is unconstitutional.
BOYD, Justice, dissenting.
Consistent with Chapman v. Dillon, 415 So.2d 12 (Fla. 1982), and Lasky v. State Farm Insurance, 296 So.2d 9 (Fla. 1974), I would uphold the statutory approval of a $4,000 optional deductible in personal injury protection policies, § 627.739(1), Fla. Stat. (1977), and answer the certified question in the negative.
In Chapman v. Dillon, we said:
The purpose of raising the permissible amount of deductible is to prevent car owners who have some other type of insurance coverage from paying premiums for duplicative coverage. Purchasers of insurance contracts choose one of the optional deductibles and we should presume that they do so with knowledge of the consequences.
415 So.2d at 18. The Court's holding today will require insurance agents and insurance company sales employees to inquire into the financial affairs of all persons selecting one of the optional deductibles available with personal injury protection coverage and to counsel with such individuals concerning the coverage and deductible selected. To avoid future liability such agents will need to require written statements indicating that appropriate complementary coverage exists. The imposition of such duties on those who sell insurance should be required only if clearly intended under the statute and should not be ordered by this Court.
References to the public policy expressed in the financial responsibility law cited by the majority are inapposite because those provisions exist for the protection of society while the selection of a certain personal injury protection deductible affects only the person selecting such deductible.
The constitutionality of the Automobile Reparations Reform Act was settled in Chapman v. Dillon and Lasky v. State Farm Insurance. We should not rewrite the statute but should construe and apply it according to the manifest legislative intent.
NOTES
[1] Section 627.733(3)(b), Fla. Stat. (1977) provides:

(b) Security may be provided with respect to any motor vehicle by any other method [i.e. other than insurance] authorized by s. 324.031(2), (3), or (4).. .
Section 324.031, Fla. Stat. (1977) provides in pertinent part:
The operator or owner of a vehicle may prove his financial responsibility by:
(1) ...,
(2) Posting with the department a satisfactory bond of a surety company authorized to do business in this state, ...,
(3) Furnishing a certificate of the department showing a deposit of cash or securities ...,
(4) Furnishing a certificate of self-insurance issued by the department in accordance with s. 324.171.
Section 324.171, Florida Statutes (1977) provides that one may self-insure only if he has unencumbered net capital of at least $40,000.