502 So.2d 913 (1986)
INTERNATIONAL BANKERS INSURANCE COMPANY, Appellant/Cross Appellee,
v.
Wayne GOVAN, Appellee/Cross Appellant.
No. 85-2661.
District Court of Appeal of Florida, Fourth District.
December 17, 1986.
Rehearing and Certification Denied January 23, 1987.
Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellant.
David C. Wiitala of Ingalsbe, McManus, Wiitala & Contole, P.A., North Palm Beach, for appellee.
Brian J. Deffenbaugh and Lauri Goldman, Tallahassee, for amicus curiae-The Florida Department of Insurance.
Richard A. Kupfer and Rodney G. Romano of Cone, Wagner, Nugent, Johnson, Roth & Romano, P.A., West Palm Beach, for amicus curiae-The Academy of Florida Trial Lawyers.
Jack W. Shaw, Jr., of Jack W. Shaw, Jr., P.A., Jacksonville, for amicus curiae-Defense Lawyers Association.
ANSTEAD, Judge.
At issue in this appeal is the proper method for determining no-fault medical and wage loss benefits in accord with the provisions of Section 627.739(2), Florida Statutes (1985).
Wayne Govan was injured in an automobile accident and incurred medical bills in the amount of $5,887.45. Pursuant to the provisions of section 627.736(1)(a), Florida Statutes (1985), International Bankers insured Govan for 80% of his medical expenses up to a maximum amount of $10,000.00 for any single accident. However, the policy also contains a $2,000.00 "deductible" provision. That provision is authorized by section 627.739(2) which provides in part:
Insurers shall offer to each applicant and to each policyholder, upon the renewal of an existing policy, deductibles, in amounts of $250, $500, $1,000, and $2,000, such amount to be deducted from the benefits otherwise due each person subject to the deduction.
At issue is whether the claim for medical bills should be reduced by 80% before the $2,000.00 deductible is subtracted from the claim. We hold that the 80% calculation should be made before the deductible is subtracted and reverse the summary final judgment holding to the contrary.
*914 The parties agree that the answer to the issue lies in the meaning of the phrase "benefits otherwise due each person subject to the deduction" contained in section 627.739(2). They agree that if the company were liable for 100% of the medical bills, instead of 80%, there would be no problem. In such a case the deductible would come off the top of the medical bills and thereby create a $2,000.00 threshold before any claim was payable. In our view "benefits otherwise due" means the total amount of the medical expenses payable under the policy before application of the deductible. In other words, it refers to the amount that an insured would receive in benefits but for the application of the deductible. If the "benefits otherwise due" refers to 100% of the medical expenses under a policy paying full benefits, such language would logically also apply to the limited benefits provided in a policy only covering 80% of the expenses. Accordingly, we believe a plain reading of the statute calls for the application of the 80% reduction in order to determine the "benefits otherwise due" under the policy before application of the deductible. See Kwechin v. Industrial Fire & Casualty Co., 409 So.2d 28, 30 n. 3 (Fla. 3d DCA 1981), approved, 447 So.2d 1337 (Fla. 1983).
We acknowledge that our holding appears to conflict with the opinions of two of our sister courts. See Thibodeau v. Allstate Insurance Co., 391 So.2d 805 (Fla. 5th DCA 1980); Industrial Fire & Casualty Insurance Co. v. Cowan, 364 So.2d 810 (Fla. 3d DCA 1978). Those cases appear to hold that "benefits otherwise due" refers to the no-fault benefit limits, such as the $10,000.00 limit involved herein. If that were true the "deductible" would not be a deductible at all in the manner that word is normally used, i.e., as an amount to be deducted from the claim, but rather would simply be a means of providing for lower policy limits. We do not believe the legislature would have authorized lower policy limits in such an indirect and unusual fashion, especially since section 627.736(1)(a) specifically mandates coverage in the amount of at least $10,000.00. We are not aware of any statutory provision authorizing lesser limits. The International Bankers no-fault policy at issue in this case does contain a provision which, consistent with the holdings of Cowan and Thibodeau, reduces the policy limit by $2,000.00.[1] We are concerned with this provision in that it appears to utilize the $2,000.00 deductible a second time, after it has already been used in the traditional manner discussed above as a threshold to recovery. While we question the validity of such a provision under the statutorily mandated no-fault coverage, we do not have that issue before us.
We also reverse that portion of the final order which allowed this action to proceed as a class action. It appears that the appellee did not file a motion for class certification until after he had obtained a favorable ruling on the merits.
Accordingly, we reverse the summary final judgment and remand this cause for further proceedings in accord herewith.
GLICKSTEIN, J., and WARNER, MARTHA C., Associate Judge, concur.
NOTES
[1] The policy provides in part that "if the total amount of such loss and expense exceeds such deductible, the total limit of benefits the Company is obligated to pay shall then be the difference between such deductible amount and the applicable limit of the Company's liability."