DOWNEY, Judge.
Appellee, Philip Wolfort, sustained injuries and other damages in an automobile accident for which he sought recovery from *100 his insurance carrier, appellant, Atlas Mutual Insurance Company. The policy in question provides $10,000 coverage for personal injury protection benefits subject to a $2,000 deductible. Wolfort submitted claims for medical expenses and loss of income or earning capacity which exceeded the policy deductible provision. However, the parties were unable to agree on the proper methodology for computing the amount due to Wolfort under the policy and pertinent statutes.
The statutory sections applicable to this cause are sections 627.736 and 627.739(2), Florida Statutes (1983), which provide in pertinent part:
627.736 Required personal injury protection benefits; exclusions; priority—
(1) REQUIRED BENEFITS. — Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, subject to the provisions of subsection (2) and paragraph (4)(d), to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:
(a) Medical benefits. — Eighty percent of all reasonable expenses for necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices, and necessary ambulance, hospital, and nursing services. Such benefits shall also include necessary remedial treatment and services recognized and permitted under the laws of the state for an injured person who relies upon spiritual means through prayer alone for healing, in accordance with his religious beliefs.
(b) Disability benefits. — Sixty percent of any loss of gross income and loss of earning capacity per individual from inability to work proximately caused by the injury sustained by the injured person, plus all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for the injury, the injured person would have performed without income for the benefit of his household. All disability benefits payable under this provision shall be paid not less than every 2 weeks. 627.739 Personal injury protection; optional limitations; deductibles.—
[[Image here]]
(2) Insurers shall offer to each applicant and to each policyholder, upon the renewal of an existing policy, deductibles, in amounts of $250, $500, $1,000, and $2,000, such amount to be deducted from the benefits otherwise due each person subject to the deduction. However, this subsection shall not be applied to reduce the amount of any benefits received in accordance with s. 627.-736(l)(c).
Besides the deductible clause, the pertinent provisions of the policy are:
PERSONAL INJURY PROTECTION
The Company will pay, in accordance with the Florida Motor Vehicle No-Fault Law, as amended, to or for the benefit of the injured person:
(a) 80% of medical expenses, and
(b) 60% of work loss.
The policy further states:
The amount of any deductible stated in the schedule or declarations shall be deducted from the total amount of all sums otherwise payable by the Company with respect to all loss and expense incurred by or on behalf of each person to whom the deductible applies and who sustains bodily injury as the result of any one accident, and if the total amount of such loss and expense exceeds such deductible, the total limit of benefits the Company is obligated to pay shall then be the difference between such deductible amount and the applicable limit of the Company’s liability.
Wolfort’s contention is that, once the insured has borne the first $2,000 in any *101 combination of medical expenses and lost wages, then PIP benefits would be due by the insurer at the statutory percentages for all covered losses over and above $2,000. However, Wolfort’s formula is completely dependent upon which losses happen to be submitted first to the insurer and leads to inconsistent results. To subscribe to Wolfort’s method of calculation could give rise to the use of lost wages to consume the deductible and the subsequent application of the higher percentage recoverable for medical expenses to determine the amount due the insured. Whereas Atlas argues that you must first determine the “benefits otherwise due,” which requires application of the statutory percentages to the different types of losses, from which the deductible is subtracted and the balance is what the insured is entitled to.
The trial court agreed with Wolfort s assessment of the proper methodology and entered judgment for Wolfort from which Atlas appeals. We hold the judgment is erroneous and reverse.
The real issue presented by these parties is the determination of the phrase, “benefits otherwise due” as used in the statute. Atlas contends that figure is determined by applying to each loss category (medical expenses or loss of income) the statutory percentage recoverable and from the sum of those two items, which constitutes the benefits otherwise due, the deductible is subtracted to arrive at the final amount due the insured. We need not labor over the meaning of “benefits otherwise due” because this court, in International Bankers Insurance Company v. Govan, 502 So.2d 913 (Fla. 4th DCA 1986), a case involving a claim for medical expenses only, held that:
In our view “benefits otherwise due” means the total amount of the medical expenses payable under the policy before application of the deductible. In other words, it refers to the amount that an insured would receive in benefits but for the application of the deductible.... Accordingly, we believe a plain reading of the statute calls for the application of the 80% reduction in order to determine the “benefits otherwise due” under the policy before application of the deductible.
Id. at 914. An example of the proper methodology suggested by Atlas is set forth in the margin.[1]
Accordingly, we reverse the judgment appealed from and remand the case to the trial court with directions to determine the amount due the insured in accordance with this opinion.
HERSEY, C.J., and GLICKSTEIN, J., concur.

. Using as an example a hypothetical case: we have a policy affording maximum PIP coverage of $10,000, with a $2,000 deductible. The insured sustains medical expenses of $4,000 and $3,000 in lost income. Applying the statutory percentages to each category results in "benefits otherwise due” of 80% of the medical expenses of $4,000, or $3,200, and 60% of the lost income of $3,000, or $1,800. The deductible is then subtracted from the sum of those two figures, resulting in an award to the insured of $3,000 ($5,000 less $2,000).