521 So.2d 1086 (1988)
Wayne GOVAN, etc., Petitioners,
v.
INTERNATIONAL BANKERS INSURANCE COMPANY, Respondent.
No. 70106.
Supreme Court of Florida.
March 10, 1988.
David C. Wiitala of Ingalsbe, McManus, Wiitala & Contole, P.A., North Palm Beach, for petitioners.
Larry Klein of Klein & Beranek, P.A., West Palm Beach, for respondent.
*1087 Richard A. Kupfer and Rodney G. Romano of Cone, Wagner, Nugent, Johnson, Roth & Romano, P.A., West Palm Beach, amicus curiae for The Academy of Florida Trial Lawyers.
Jack W. Shaw, Jr., P.A. of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, amicus curiae for Florida Defense Lawyers Ass'n.
Angela C. Flowers and Mark Hicks of Daniels and Hicks, P.A., and David N. Rosner of Goodhart & Rosner, Miami, amicus curiae for Florida Auto. Underwriters Ass'n.
OVERTON, Justice.
This is a petition to review International Bankers Insurance Co. v. Govan, 502 So.2d 913 (Fla. 4th DCA 1986), in which the district court of appeal determined the proper method to compute the deductibility provisions for medical and wage-loss benefits under section 627.739(2), Florida Statutes (1983). The district court acknowledged conflict with Thibodeau v. Allstate Insurance Co., 391 So.2d 805 (Fla. 5th DCA 1980), and Industrial Fire and Casualty Insurance Co. v. Cowan, 364 So.2d 810 (Fla. 3d DCA 1978). We find conflict and have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we approve the decision of the district court of appeal, and disapprove Thibodeau and Industrial Fire to the extent they are in conflict with Govan.
The relevant facts establish that petitioner Wayne Govan was injured in an automobile accident and incurred medical bills of $5,887.45. The respondent, International Bankers Insurance Company, had issued Govan an insurance policy which covered eighty percent of his medical expenses up to the maximum amount of $10,000 for any single accident, as mandated by section 627.736(1)(a), Florida Statutes (1983). A $2,000 deductible from these benefits is authorized by section 627.739(2), Florida Statutes (1983), which provides:
Insurers shall offer to each applicant and to each policyholder, upon the renewal of an existing policy, deductibles, in amounts of $250, $500, $1,000 and $2,000, such amount to be deducted from the benefits otherwise due each person subject to the deduction.
(Emphasis added.) The International Bankers Insurance Company paid $2,709.96 under its interpretation of the above statutory provision. It arrived at this amount by the following formula:

Plaintiff's total medical bills $5,887.45
Percentage payable pursuant to statute X .80
 _________
Benefits due but for deductible $4,709.96
Less deductible 2,000.00
 _________
Benefits payable $2,709.96

Govan contended before the trial court, as he does here, that the benefits due under this provision should be calculated in the following manner:

Plaintiff's total medical bills $5,887.45
Less deductible 2,000.00
 _________
Benefits otherwise due $3,887.45
Percentage payable pursuant to statute X .80
 _________
Benefits payable $3,109.96

The trial court accepted Govan's method of calculating his benefits. The district court reversed and held that the eighty percent calculation should be made before the deductible is subtracted. It explained:
The parties agree that the answer to the issue lies in the meaning of the phrase "benefits otherwise due each person subject to the deduction" contained in section 627.739(2). They agree that if the company were liable for 100% of the medical bills, instead of 80%, there would be no problem. In such a case the deductible would come off the top of the medical bills and thereby create a $2,000.00 threshold before any claim was payable. In our view "benefits otherwise due" means the total amount of the medical expenses payable under the policy before application of the deductible. In other words, it refers to the amount that an insured would receive in benefits but for the application of the deductible. If the "benefits otherwise due" refers to 100% of the medical expenses under a policy paying full benefits, such language would logically also apply to the limited benefits provided in a policy only *1088 covering 80% of the expenses. Accordingly, we believe a plain reading of the statute calls for the application of the 80% reduction in order to determine the "benefits otherwise due" under the policy before application of the deductible.
502 So.2d at 914 (emphasis in original; citations omitted).
Petitioner suggests that, since the statutory language is ambiguous, we should construe the statute to provide the maximum coverage, because the purpose of the Florida Motor Vehicle No-Fault Act is to broaden insurance coverage. We reject this contention because we disagree with petitioner's claim that the statutory language is vague and ambiguous. Section 627.739(2) provides that the insurer will offer deductibles and "such amount [is] to be deducted from the benefits otherwise due... ." The plain reading of this statute requires a construction that subtracts the deductible from the eighty percent of the medical expenses. In accordance with the district court decision, we also find Govan's suggested construction is not in accordance with the provisions of the statute. While we may disagree with the legislative policy underlying the statute, we have no authority to change the clear intent and purpose of a statute that is not vague and ambiguous. Complaints about this policy should be addressed to the legislature.[*]
Our decision renders moot the issue concerning class action certification.
Accordingly, we approve the decision of the district court of appeal, and disapprove Thibodeau and Industrial Fire to the extent of their conflict with our decision.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] We note the legislature, during the 1987 session, failed to enact a bill which would have amended the statute to make it consistent with the statutory interpretation presented here by the petitioner. House Bill 1015.