528 So.2d 917 (1988)
INTERNATIONAL BANKERS INSURANCE COMPANY, Appellant,
v.
Susan ARNONE, Appellee.
Nos. 87-0623, 87-0999 and 87-1446.
District Court of Appeal of Florida, Fourth District.
August 24, 1988.
Mark Hicks, Angela C. Flowers of Daniels and Hicks, P.A., James K. Clark of Barnett & Clark, P.A., Goodhart & Rosner, P.A., Miami, and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellant.
Mark R. McCollem of Chidnese & McCollem, Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
DELL, Judge.
We deny appellant's motion for rehearing, however, we withdraw our opinion of June 1, 1988, and substitute the following revised opinion.
Appellee Susan Arnone suffered personal injuries in a motor vehicle accident. Appellant International Bankers Insurance Company insured appellee and afforded her personal injury protection coverage in the amount of $10,000, with a $2,000 deductible. Appellant paid $8,000 in personal injury protection benefits to appellee or for her benefit. Appellant took the position that it had paid out the full amount of benefits due under its insurance contract. Appellee filed suit and claimed entitlement to a total of $10,000 under personal injury protection coverage. The trial court entered summary judgment in favor of appellee and awarded her $2,000. Appellant contends the trial court erred when it failed to limit its liability for personal injury protection benefits to the sum of $8,000. We disagree and affirm on the authority of Govan v. International Bankers Insurance Company, 521 So.2d 1086 (Fla. 1988).
Section 627.739(2), Florida Statutes (1985) provides:
Insurers shall offer to each applicant and to each policyholder, upon the renewal of an existing policy, deductibles, in amounts of $250, $500, $1,000 and $2,000, such amount to be deducted from the benefits otherwise due each person subject to the deduction.

(Emphasis added).
The policy provided in part:
The amount of any deductible stated in the schedule or declaration shall be deducted from the total amount of all sums otherwise payable by the Company with respect to all loss and expense incurred by or on behalf of each person to whom the deductible applies and who sustains bodily injury as a result of any one accident, and if the total amount of such loss and expense exceeds such deductible, the total limits the Company is obligated to pay shall then be the difference between such deductible amount and the applicable limit of the Company's liability.

(Emphasis added).
Appellant claims that under the terms of its policy, appellee's election to accept a *918 $2,000 deductible reduced its maximum exposure for personal injury protection benefits to $8,000.[1] Appellant relies upon Industrial Fire and Casualty Insurance Company v. Cowan, 364 So.2d 810 (Fla. 3d DCA 1978). and Thibodeau v. Allstate Insurance Company, 391 So.2d 805 (Fla. 5th DCA 1980). In Cowan, the claimant incurred approximately $40,000 in medical expenses and lost wages. She had $5,000 personal injury protection subject to a $1,000 deductible. The district court held:
The amount "otherwise due" under the policy is $5,000.00. Section 627.736(1), Florida Statutes (1975). The maximum liability of the company under these circumstances would be $4,000.00.
Id. at 811.
In Thibodeau, the policy afforded $5,000 personal injury protection benefits subject to a $4,000 deductible. The insured incurred $8,000 medical expenses. The policy contained a provision identical to that contained in the policy issued to appellee. The district court rejected appellant's argument that the policy's statement of "$5,000 coverage" was ambiguous and misleading and affirmed an award of $1,000 to the insured.
This case is controlled by the provisions of section 627.739(1), Florida Statutes (1977)... . Sandra was subject to the "deductible" amount of $4,000 under Brian's policy, and the amount "otherwise due" was $5,000. Under this statute Allstate's total liability was $1,000. Industrial Fire & Casualty Company v. Cowan, 364 So.2d 810 (Fla. 3d DCA 1978).
Id. at 806.
In Industrial Bankers Insurance Company v. Govan, 502 So.2d 913 (Fla. 4th DCA 1986), this district addressed the meaning of the term "benefits otherwise due." In Govan, the insured incurred medical expenses in the amount of $5,887.45. The insurance company insured Govan for 80% of his medical expenses up to a maximum amount of $10,000 for any single accident. The policy also contained a $2,000 deductible provision. The insured argued that before making the 80% calculation, the amount of eligible expenses should be reduced by the deductible. The trial court granted summary judgment in favor of the insured. We reversed:
Accordingly, we believe a plain reading of the statute calls for the application of the 80% reduction in order to determine the "benefits otherwise due" under the policy before application of the deductible. See Kwechin v. Industrial Fire & Casualty Co., 409 So.2d 28, 30 n. 3 (Fla. 3d DCA 1981), approved 447 So.2d 1337 (Fla. 1983).
Id. at 914.
We acknowledged that our holding appeared to conflict with the opinions in Thibodeau and Cowan and said:
Those cases appear to hold that "benefits otherwise due" refers to the no-fault benefit limits, such as the $10,000.00 limit involved herein. If that were true the "deductible" would not be a deductible at all in the manner that word is normally used, i.e., as an amount to be deducted from the claim, but rather would simply be a means of providing for lower policy limits. We do not believe the legislature would have authorized lower policy limits in such an indirect and unusual fashion, especially since section 627.736(1)(a) specifically mandates coverage in the amount of at least $10,000.00. We are not aware of any statutory provision authorizing lesser limits. The International Bankers no-fault policy at issue in this case does contain a provision which, consistent with the holdings of Cowan and Thibodeau, reduces the policy limit by $2,000.00. We are concerned with this provision in that it appears to utilize the $2,000.00 deductible a second time, after it has already been used in the traditional manner discussed above as a threshold to recovery. While we question the validity of such a provision under the statutorily mandated no-fault coverage, we do not have that issue before us.
*919 502 So.2d at 914 (Emphasis added; footnote omitted).
In Govan, we concluded that the deductible should be applied as a threshold to recovery and not as a means to reduce coverage. We also concluded that "benefits otherwise due" should be construed to mean the total amount of medical expenses payable under the policy for the particular claim in question before application of the deductible. The benefits "payable under the policy," in our view, relates to the "Required Benefits" mandated by section 627.736 et seq. and not to the limits of coverage set out in the policy except as those limits comply with the statutory scheme. Section 627.736(1) requires that "every insurance policy complying with the security requirements of section 627.733 shall provide personal injury protection to the named insured ... to a limit of $10,000." The "Required Benefits" include payment of 80% of eligible medical benefits as defined in section 627.736(1)(a) and payment of 60% of eligible disability benefits as defined in section 627.736(1)(b).[2]
Thibodeau and Cowan concerned claims that clearly exceeded the policy limits after application of the deductible. It is apparent from the decisions in those cases that the courts equated the "benefits otherwise due" to the limits of the policy rather than to the benefits mandated by the personal injury protection law. In Govan v. Industrial Bankers, supra, the supreme court approved this court's decision and disapproved of the decisions in Cowan and Thibodeau to the extent of their conflict with this court's decision. The only apparent conflict between Cowan, Thibodeau and Govan is the application of the deductible to reduce coverage rather than as a threshold to recovery. Section 627.739(2) does not mention the terms or the limits of the policy and the legislature did not intend to permit a reduction of coverage when it permitted the offering of a deductible. See Kwechin v. Industrial Fire and Casualty Co., 409 So.2d 28 (Fla. 3d DCA 1981), approved, 447 So.2d 1337 (Fla. 1983). Therefore we hold the term "benefits otherwise due" means the total amount of "Required Benefits" provided by section 627.736(1) et seq. payable for a given claim. The amount of such benefits may be subject to a deductible as provided by section 627.739, but the insurance company shall be liable for such expense up to $10,000. See § 627.736(1). The provision in appellant's policy that also reduces the limits of the personal injury protection coverage by the amount of the deductible is not authorized by the statute and conflicts with the plain language of the personal injury protection law as construed by the supreme court in Govan.
Accordingly, we affirm the trial court's entry of summary judgment in favor of appellee.
AFFIRMED.
ANSTEAD and STONE, JJ., concur.
NOTES
[1] The record does not reveal the total amount of appellee's expenses. However, appellant does not challenge the trial court's award on this basis.
[2] It is clear that the term "benefits otherwise due" as used in section 627.739(2) applies to both the medical benefits coverage and the disability benefits coverage provided in the personal injury protection statute. However, section 627.739(2) expressly excludes application of the deductible to the funeral, burial, or cremation benefits provided by section 627.736(1)(c).