## CHOTER v ALLSTATE INSURANCE COMPANY
### Case No. 89-55 SP 25
County Court, Dade County
September 20, 1989

### APPEARANCES OF COUNSEL
**Martin M. Dernis,** for plaintiff.
**W. Thomas Spencer,** for defendant.

### OPINION OF THE COURT

MARVIN H. GILLMAN, County Judge.

*FINAL SUMMARY JUDGMENT FOR ALLSTATE INSURANCE COMPANY*

This is a lawsuit for benefits under the Florida Motor Vehicle No-Fault Law (F.S. 627.730, et seq.). The plaintiff was in an accident on May 22, 1987 and incurred medical expenses and, allegedly, suffered loss of income. ALLSTATE INSURANCE COMPANY filed a Motion for Summary Judgment contending that the benefits owing to the plaintiff did not exceed his $2,000 deductible.

The parties are in agreement that the plaintiff's medical expenses

total $2,470.29 and that 80% of these expenses is $1,976.23 which does not exceed his $2,000.00 deductible. *Govan v International Bankers Ins. Co.,* 521 So.2d 1086 (Fla. 1988).

In addition, the plaintiff contends that he lost $400.00 in wages which was documented by a letter from his employed which was mailed to ALLSTATE on February 1, 1989. The $400.00 in lost wages entitle the plaintiff to $240.00* in disability benefits, increasing the total benefits above the deductible.

The Florida No-Fault Law places the burden upon a claimant to provide to the insurer reasonable proof that he has incurred a loss under the no-fault law and the amount of said loss. F.S. 627.736(4) provides:

> "(4) BENEFITS WHEN DUE-Benefits due from an insurer under §§ 627.730-627.7405 . . . shall be due and payable as loss accrues, upon receipt of reasonable proof of such loss and the amount of expenses and loss incurred which are covered by the policy. . . ."

The plaintiff contends that he provided reasonable proof by (1) his PIP application of June 24, 1987 and (2) an employer's letter mailed to ALLSTATE on February 1, 1989.

The PIP application is the plaintiff's own self-serving statement of the occurrence of the accident, the incurring of medical expenses and lost wages, as well as other details of the accident. It is the notice of claim as referred to in F.S. 627.736(4)(a). It does not constitute "reasonable proof" of the plaintiff having suffered loss of wages or of the amount of the loss.

The employer's letter verifying the loss of wages was not mailed to ALLSTATE until February 1, 1989; which was after the lawsuit was filed on January 19, 1989. Whether the plaintiff has a course of action against ALLSTATE must be determined by the facts as they existed on January 19, 1989. 1 Fla. Jur.2d Actions § 34:

> "A cause of action must exist and be complete before an action can be commenced. The subsequent occurrence of material fact will not cure it, because the rights and liabilities of the parties depend on facts as they exist at the time of the commencement of the action."

It would be unfair and contrary to our historical concept of due process to permit the filing of a lawsuit before the plaintiff actually has a cause of action; with the plaintiff hoping that his missing facts will be supplied as the lawsuit pends.

The absence of cause of action when this lawsuit was commenced is not corrected by the plaintiff filing an amended complaint on February

114

10, 1989. The amendments raised completely unrelated issues which were subsequently stricken by this court's Order of April 4, 1989; and, of course, the date of the amendment relates back and is deemed to be the date of the original complaint. F.R.C.P. 1.190(c).

When this lawsuit was filed, the plaintiff had not provided reasonable proof of his loss of wages claim and the no-fault benefits to which the plaintiff was then entitled did not exceed his deductible. It is therefore:

ORDERED AND ADJUDGED that Allstate's Motion for Summary Judgment be and the same is hereby granted and Summary Final Judgment be and the same is hereby entered in favor of the Defendant, ALLSTATE INSURANCE COMPANY and against the Plaintiff, LUIS CHOTER who shall take nothing by his lawsuit and said Defendant shall go hence without day.

DONE AND ORDERED in Chambers, at Miami, Dade County, Florida, this 20th day of September, 1989.