552 So.2d 908 (1989)
INTERNATIONAL BANKERS INSURANCE COMPANY, Petitioner,
v.
Susan ARNONE, Respondent.
GREAT OAKS CASUALTY INSURANCE COMPANY, Appellant,
v.
Raisha KELLY, Appellee.
Nos. 73488, 74208.
Supreme Court of Florida.
October 5, 1989.
Rehearing Denied December 12, 1989.
Larry Klein of Klein, Beranek & Walsh, P.A., West Palm Beach, for petitioner.
Mark R. McCollem of Chidnese & McCollem, Fort Lauderdale, for respondent.
Brian Deffenbaugh, Office of Legal Services, Tallahassee, amicus curiae for Dept. of Ins., State of Fla.
Kathleen M. Salyer and Douglas H. Stein of Blackwell, Walker, Fascell & Hoehl, Miami, David N. Rosner, Hollywood, and Angela C. Flowers of Daniels & Hicks, P.A., Miami, amicus curiae for Florida Auto. Underwriters Ass'n.
Paul F. King of Edna L. Caruso, P.A., West Palm Beach, amicus curiae for The Academy of Florida Trial Lawyers.
Arthur M. Simon and Douglas H. Stein of Blackwell, Walker, Facell & Hoehl, Miami, for appellant.
Stacey F. Soloff of Freshman, Freshman & Traitz, P.A., Miami, for appellee.
EHRLICH, Chief Justice.
These consolidated cases present the issue of whether the deductible amounts authorized under section 627.739(2), Florida Statutes (1985 and 1987), reduce the statutorily mandated personal injury protection (PIP) coverage limits of $10,000. We have jurisdiction to review International Bankers Insurance Co. v. Arnone, 528 So.2d 917 (Fla. 4th DCA 1988), based on conflict with Thibodeau v. Allstate Insurance Co., 391 So.2d 805 (Fla. 5th DCA 1980), disapproved, Govan v. International Bankers Insurance Co., 521 So.2d 1086 (Fla. 1988), and Industrial Fire and Casualty Insurance Co. v. Cowan, 364 So.2d 810 (Fla. 3d DCA 1978), disapproved, Govan v. International Bankers Insurance Co., 521 So.2d 1086 (Fla. 1988). Art. V, § 3(b)(3), Fla. Const. Great Oaks Casualty Insurance Co. v. Kelly, no. 89-1129 (Fla. 3rd DCA May 23, 1989), was certified to this Court for immediate resolution by the *909 Third District Court of Appeal, pursuant to article V, section 3(b)(5), Florida Constitution.
The pertinent facts of both cases are substantially the same. International Bankers Insurance Co. and Great Oaks Casualty Insurance Co. issued Arnone and Kelly, respectively, automobile insurance policies providing $10,000 in PIP coverage with a $2,000 deductible. Both policies provided that the amount of any deductible stated in the schedule would be deducted from the total amount of recoverable PIP loss or expenses incurred, as a result of any one accident, by each person to whom the deductible applies. The policies further provided that if the total amount of such loss and expenses exceeded the deductible, the total limits the company would be obligated to pay would be the difference between the deductible and the policy limits.[1] Both Arnone and Kelly were involved in automobile accidents. Both suffered recoverable expenses in excess of their policy limits. International Bankers paid Arnone $8,000 in PIP benefits, as the full amount of benefits due. Likewise, Great Oaks offered Kelly $8,000 in full satisfaction of her claim.
Both Arnone and Kelly brought suit claiming entitlement to the full $10,000 policy limit. Summary judgment was entered in favor of Arnone in the amount of $2,000. The Fourth District Court of Appeal affirmed on the authority of this Court's decision in Govan v. International Bankers Insurance Co., 521 So.2d 1086 (Fla. 1988). Relying on the Fourth District's decision in Arnone, the trial court ruled in favor of Kelly, reasoning that the insured should receive the lesser of 1) the difference between the amount due without reference to the deductible and the deductible or 2) the limits of the policy  in this case $10,000. Because Arnone was pending before this Court, the Third District Court of Appeal certified the cause to this Court for immediate resolution.
Section 627.739(2), Florida Statutes, provides in pertinent part:
Insurers shall offer to each applicant and to each policyholder, deductibles, in amounts of $250, $500, $1,000 and $2,000, such amount to be deducted from the benefits otherwise due each person subject to the deduction.
(Emphasis added.) The Fourth District recently construed this provision in its opinion in International Bankers Insurance Company v. Govan, 502 So.2d 913 (Fla. 4th DCA 1986), approved, 521 So.2d 1086 (Fla. 1988). The issue presented in Govan was whether the deductible amount was to be deducted from the total medical expenses incurred before or after calculating the eighty percent figure authorized under section 627.736(1)(a), Florida Statutes (1983). In Govan, the insured's total medical expenses were less than the $10,000 policy limits. Govan argued that before making the eighty percent calculation, the amount of eligible expenses should be reduced by the deductible. The Fourth District disagreed, holding:
[W]e believe a plain reading of the statute calls for the application of the 80% *910 reduction in order to determine the "benefits otherwise due" under the policy before application of the deductible.
502 So.2d at 914 (citations omitted). The district court further concluded that under section 627.739(2) the deductible should be applied as a threshold to recovery rather than as a means to reduce coverage. The district court acknowledged that its decision in Govan appeared to be in conflict with the Fifth and Fourth District Courts' decisions in Thibodeau and Cowan.
In both Thibodeau and Cowan, the insured incurred eligible PIP expenses in excess of the policy limits. In Cowan, the insured incurred medical expenses and lost wages of approximately $40,000. The policy provided $5,000 in PIP coverage, with a $1,000 deductible.[2] The Third District held that the maximum liability of the company was $4,000, the difference between the $5,000 amount otherwise due and the $1,000 deductible. In Thibodeau, the claimant incurred in excess of $8,000 in medical expenses. The policy limits in that case were $5,000 with a deductible of $4,000.[3] The Fifth District held that the insurer's liability was $1,000, the benefits otherwise due of $5,000 minus the $4,000 deductible.
In the instant case, believing that this Court approved its construction of the section 627.739(2) when we approved its decision in Govan and disapproved Thibodeau and Cowan, the district court held that the term "benefits otherwise due" relates to the "`Required Benefits' mandated by section 627.736 et seq. and not to the limits of coverage set out in the policy except as those limits comply with the statutory scheme." Arnone, 528 So.2d at 919. The district court reasoned that under this Court's decision in Govan the required benefits may be subject to a deductible, but the insurer shall be liable for such benefits up to the $10,000 policy limits mandated by the PIP statute.
In Govan, the sole issue with which we were presented was the interrelationship of the deductible amounts authorized under section 627.739(2) and the coinsurance percentages by which eligible benefits under section 627.736(1) are to be reduced. Approving the district court, we held that "[t]he plain reading of this statute requires a construction that subtracts the deductible from the eighty percent of the medical expenses." 521 So.2d at 1088. While the district court in Govan acknowledged that its decision appeared to be in conflict with Thibodeau and Cowan and we disapproved those cases to the extent they conflicted with our decision, neither of those decisions involved the application of the deductible to eligible benefits after reduction by the coinsurance percentages of section 627.736(1).[4] Further, unlike those two cases and the instant case, Govan did not involve recoverable benefits which exceeded the policy limits.
Both International Bankers and Great Oaks take the position that the plain language of the statute supports the conclusion that the $10,000 PIP coverage limits are to be reduced by the deductible amount. The Department of Insurance, which is charged with enforcing the insurance code, pursuant to section 624.307, Florida Statutes (1987), interprets the statute in question to provide that if the eligible portion of lost income and medical expenses after application of the coinsurance percentages exceeds the policy limits then *911 the "benefits otherwise due" are the policy limits. The Department has approved PIP policies, such as those at issue, which provide that the deductible amount authorized under section 627.739(2) is to be deducted from the lesser of the recoverable lost wages and medical expenses under section 627.736(1) or the policy limits. We find this interpretation is consistent with our decision in Govan and the plain meaning of the statute.
Generally, the functional purpose of a deductible, which is frequently referred to as self-insurance, is to alter the point at which an insurance company's obligation to pay will ripen. American Nurses Assoc. v. Passaic General Hosp., 98 N.J. 83, 88-90, 484 A.2d 670, 673 (1984). The district court below reasoned that the deductible amounts authorized under section 627.739(2) should be utilized "as a threshold to recovery and not as a means to reduce coverage." Arnone, 528 So.2d at 919. However, the legislature has prescribed the manner in which deductibles may be utilized in a PIP policy. Under the statutory scheme, the deductible amounts are to be deducted from "benefits otherwise due." Section 627.736(1) defines "Required [PIP] Benefits." Reading these sections in pari materia, it is plain that the statutorily defined "required benefits" are the benefits otherwise due from which the deductible amount is to be subtracted. Section 627.736(1) defines the parameters of the benefits otherwise due under a PIP policy as including eighty percent of certain medical expenses and sixty percent of lost wages "to a limit of $10,000" (emphasis added).[5] In construing the term "benefits otherwise due," the district court below overlooked the fact that "required benefits" are eligible benefits set forth in section 627.736(1) "to a limit of $10,000." Based on the plain language of sections 627.736(1) and 627.739(2), we hold that these provisions provide for the authorized deductible amounts to be subtracted from the lesser of the eligible benefits after application of the coinsurance percentages of sections 627.736(1)(a) and (b) or the statutorily mandated coverage limit of $10,000.
Accordingly, the decision of the district court below in Arnone is quashed, the summary declaratory judgment in favor of respondent Kelly is reversed and the causes are remanded for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The International Bankers' policy provided:

The amount of any deductible stated in the schedule or declaration shall be deducted from the total amount of all sums otherwise payable by the Company with respect to all loss and expense incurred by or on behalf of each person to whom the deductible applies and who sustains bodily injury as a result of any one accident, and if the total amount of such loss and expense exceeds such deductible, the total limits the Company is obligated to pay shall then be the difference between such deductible amount and the applicable limit of the Company's liability.
(Emphasis added.) The Great Oaks' policy was substantively the same, providing:
The amount of any deductible stated in the schedule of this endorsement shall be deducted from the total amount of all sums otherwise payable by the Company with respect to all loss and expense incurred by or on behalf of each person to whom the deductible applies and who sustains bodily injury as the result of any one accident except that payment for funeral, cremation or burial expenses shall not be subject to any deductibles selected. If the total amount of such loss and expense exceeds such deductible, the total limit of benefits the Company is obligated to pay shall be the difference between such deductible amount and the applicable limit of the Company's liability.
(Emphasis added.)
[2] Sections 627.736, 627.739, Florida Statutes (1975 and Supp. 1976), the provisions at issue in Industrial Fire and Casualty Insurance Co. v. Cowan, 364 So.2d 810 (Fla. 3d DCA 1978), disapproved, Govan v. Industrial Bankers Insurance Co., 521 So.2d 1086 (Fla. 1988), provided for PIP coverage to a limit of $5,000, with a maximum deductible of $1,000.
[3] The 1977 personal injury protection scheme at issue in Thibodeau v. Allstate Insurance Co., 391 So.2d 805 (Fla. 1980), disapproved, Govan v. International Bankers Insurance Co., 521 So.2d 1086 (Fla. 1988), provided for a maximum deductible of $4,000 and coverage up a limit of $5,000. §§ 627.736(1), 627.739(1), Fla. Stat. (1977).
[4] The coinsurance percentages became part of Florida's PIP scheme in September 1977. Ch. 77-468, § 33, Laws of Fla. Cowan involved the 1975 and 1976 versions of sections 627.736 and 627.739. Although the 1977 scheme was employed in Thibodeau, the relationship between the deductible and the coinsurance percentages was not at issue.
[5] Benefits for funeral and burial expenses which are provided for in section 627.736(1)(c) are exempt from application of the deductible, pursuant to section 627.739(2).