DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**SPORTS, SPINE, OCCUPATIONAL, REHABILITATION, INC.,**
a/a/o **JUNE RICHARDS,**
Appellee.

No. 4D21-817

[March 16, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Steven DeLuca, Judge; L.T. Case No. CONO 16-003651.

Daniel E. Nordby and Jason Gonzalez of Shutts & Bowen LLP, Tallahassee, and Garrett A. Tozier of Shutts & Bowen LLP, Tampa, for appellant.

Douglas H. Stein of Douglas H. Stein, P.A., Coral Gables, for appellee.

CONNER, C.J.

Allstate Fire and Casualty Insurance Company ("Allstate") appeals the final judgment awarding damages to Sports, Spine, Occupational, Rehabilitation, Inc. ("the Provider"), as assignee of June Richards ("the insured"), following cross motions for summary judgment. Allstate argues the damages award was erroneous where the entire amount billed for the Provider's single claim was within the insured's deductible. We agree and reverse.

Allstate issued an automobile insurance policy to the insured providing personal injury protection ("PIP") benefits. After the insured's automobile accident, the Provider rendered medical treatment to the insured, who assigned payment of policy benefits to the Provider. The Provider was the first claimant to submit a bill to Allstate for service rendered to the insured after the accident. The claim was for $495. Allstate determined the covered amount for the service was $352.28 after applying the fee schedule provided for in the policy. Allstate's "explanation of benefits" stated that the reduced amount of $352.28 was then applied to the insured's $1000

deductible under the policy, resulting in no payment to the Provider. The Provider's bill was also the first charge applied to the deductible. Subsequently, the insured's deductible was exhausted through charges of another provider who is not a party to the suit.

The Provider sued Allstate for PIP benefits. While the suit was pending, our supreme court decided *Progressive Select Insurance Co. v. Florida Hospital Medical Center*, 260 So. 3d 219 (Fla. 2018). In *Progressive Select*, the supreme court held that "section 627.739(2)[, Florida Statutes,] requires the deductible to be applied to the total medical charges prior to reduction under the reimbursement limitation in section 627.736(5)(a)1.b." *Id.* at 221. After *Progressive Select* issued, the Provider moved for summary judgment, contending that Allstate did not apply the deductible correctly to its claim, resulting in damage to the Provider because section 627.736(5)(a)4., Florida Statutes (2016), prohibited the Provider from seeking payment from the insured for an amount that exceeded the reduced amount stated in the explanation of benefits issued on the Provider's claim.[1] The trial court agreed and granted summary judgment in the Provider's favor.

On appeal, Allstate concedes, as it did below, that it improperly applied the deductible to the Provider's claim. However, Allstate argues that even had it properly applied the entire $495 billed amount to the $1000 deductible, the deductible would not have been exhausted, such that it had no obligation under the PIP policy to pay PIP benefits.

Allstate correctly notes the distinction between an insured's obligation in relation to the deductible and an insurer's obligation to pay PIP benefits:

> **Before the deductible is satisfied, "the insurer is not reimbursing the medical provider"; rather, the policyholder is compensating the provider.** *USAA Gen. Indem. Co. v. Gogan*, 238 So. 3d 937, 943 (Fla. 4th DCA 2018)

---

[1] Section 627.736(5)(a)4. provides:

> If an insurer limits payment as authorized by subparagraph 1., the person providing such services, supplies, or care may not bill or attempt to collect from the insured any amount in excess of such limits, except for amounts that are not covered by the insured's personal injury protection coverage due to the coinsurance amount or maximum policy limits.

§ 627.736(5)(a)4., Fla. Stat. (2016).

(Gross, J., dissenting); *see Int'l Bankers Ins. Co. v. Arnone*, 552 So. 2d 908, 911 (Fla. 1989) (stating that "**an insurance company's obligation to pay**" will not "**ripen**" until the **deductible is met**). There is no basis for concluding that the reimbursement limitation applies to charges included in the deductible, "which the insured alone is obligated to pay and which are not recoverable as benefits under the policy." *Progressive* [*Select Ins. Co. v. Fla. Hosp. Med. Ctr. a/a/o/ Jonathan Parent*], 236 So. 3d [1183, 1191, (Fla. 5th DCA 2018)].

*Progressive Select*, 260 So. 3d at 224 (emphasis added).

In the instant case, entitlement to PIP benefits "ripened" only after the full amount of the $1000 deductible was met. Therefore, Allstate is correct that even if it had properly applied the full amount of the Provider's first-submitted bill to the deductible, the deductible would not have been exhausted and Allstate would not have been responsible for paying any portion of the Provider's bill. Because the Provider's entire billed amount was not enough to exhaust the deductible and "ripen" Allstate's obligation to pay PIP benefits, the Provider was not entitled to PIP benefits.[2]

Based on the foregoing, we reverse and remand for the trial court to vacate the final judgment in the Provider's favor and for further proceedings.

*Reversed and remanded.*

GROSS and MAY, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Because the entitlement to PIP benefits never "ripened," we reject the Provider's arguments that it was entitled to consequential damages.

3